UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY LEE LUTZE,

       Plaintiff,

                                                          Case No.12-cv-11339
                                                          HON. GERSHWIN A. DRAIN

vs.

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

_____/

**ORDER REJECTING REPORT AND RECOMMENDATION (#11), SUSTAINING DEFENDANT'S OBJECTION (#13), GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (# 9), DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (# 8), AND DISMISSING PLAINTIFF'S CLAIMS**

**I.    INTRODUCTION**

This matter is before the court on the parties' Cross-Motions for Summary Judgment as to Plaintiff Tracy Lutze's claim for judicial review of Defendant Commissioner of Social Security's denial of her application for disability insurance benefits and supplemental security income benefits. The matter was referred to Magistrate Judge Mona K. Majzoub, who issued a Report and Recommendation on April 17, 2013, recommending that Plaintiff's Motion for Summary Judgment be granted in part and denied in part, Defendant Commissioner's Motion for Summary Judgment be denied, and that this matter be remanded under sentence four of 42 U.S.C. § 405(g) for further proceedings. Specifically, the Magistrate Judge concluded that the Administrative Law Judge (ALJ) failed to employ the proper legal standards when he determined that Plaintiff's complaints of

debilitating pain were not credible, thus there was no means available to assess the propriety of the ALJ's hypothetical to the Vocational Expert (VE). For the reasons discussed below, the Court rejects the Magistrate Judge's recommendation and concludes that the findings of the Commissioner are supported by substantial evidence warranting entry of judgment in favor of the Commissioner.

## II.   ANALYSIS

The standard of review to be employed by the court when examining a report and recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id.* The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole." *Studaway v. Sec'y of Health and Human Servs.*, 815 F. 2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Plaintiff applied for disability insurance benefits and supplemental security income benefits on October 2, 2008, alleging a disability onset date of September 30, 2004. Plaintiff argues that she cannot work due to bipolar disorder, depression, scoliosis and degenerative disc disease. The ALJ determined that Plaintiff suffered from degenerative disc disease and bipolar disorder, that Plaintiff

could not perform her past relevant work, but could perform unskilled, light work and such jobs existed in significant numbers in the regional and national economy.

The Magistrate Judge concluded that the ALJ did not employ the proper legal standards in assessing Plaintiff's credibility and statements of disabling pain and inability to concentrate. Thus, the Magistrate Judge could not conclude as a matter of law that the hypothetical question posed to the VE was proper. *See Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987) (substantial evidence may be in the form of vocational expert testimony in response to a hypothetical question if the question accurately portrays the claim's impairments, however a flawed hypothetical will not constitute substantial evidence).

The Commissioner objects to the Magistrate Judge's conclusion that the ALJ failed to provide adequate reasoning for finding that Plaintiff's statements "concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." Contrary to the Magistrate Judge's conclusion, the ALJ did not improperly discredit Plaintiff's complaints of disabling pain. The United States Court of Appeals for the Sixth Circuit has described the test for evaluating subjective complaints of pain in *Felisky v. Bowen*, 35 F.3d 1027, 1038-39 (6th Cir. 1994). Specifically, step one considers "whether there is objective medical evidence of an underlying medical condition." *Id.* at 1038. If objective medical evidence exists, then the district court must examine "whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or . . . whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain." *Id.* at 1038-39.

Additionally, in assessing a claimant's credibility, the ALJ must consider the entire record, including objective medical evidence and evidence of: (1) the claimant's daily activities, (2) the location, duration, frequency and intensity of claimant's pain, (3) precipitating and aggravating factors, (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms, (5) treatment, other than medication, for pain relief, (6) measures used to relieve pain, and (7) functional limitations and restrictions due to pain. *See* 20 C.F.R. §§ 404.1529(c)(3); *Felisky*, 35 F.3d at 1039-40.

Unlike the ALJ in *Felisky*, the ALJ in the instant case provided sufficient reasoning for rejecting Plaintiff's statements of severe pain. First, the ALJ found objective evidence that "could reasonably be expected to cause the alleged symptoms . . . ." However, he further opined that her statements concerning the intensity, persistence and limiting effects of those symptoms were not fully credible. In so concluding, the ALJ considered Plaintiff's records and examination findings. Specifically, the ALJ noted several normal examination findings, including normal range of lumbar motion, normal gait, negative straight leg raising and lack of problems in the upper and lower extremities. He further discussed Dr. Tofaute's observations of normal gait and station, ability to get on and off the examination table, ability to heel/toe walk, and the lack of clinical indication that an assistive device was needed.

The ALJ also reviewed other medical records, including a 2010 MRI study, evidencing disc protrusion resulting in mild to moderate impression on the thecal sac and no significant nerve root impingement, as well as records evidencing mild findings. He further noted that since Plaintiff's 2004 surgery, her medical records failed to document an objective decline in her condition and

overall level of functioning, and no additional surgery had been recommended. Dr. Stathakios prescribed only one 15 mg table of MS Contin per day.

The ALJ also reviewed the medical evidence of Plaintiff's mental impairments, noting Dr. Kriauciunas's opinion that she could perform unskilled work and simple tasks on a sustained basis and was moderately limited in her ability to interact with the general public. He also considered Dr. Goergen's examination findings and opinion that Plaintiff could understand and complete simple multi-step tasks. He also found that Plaintiff had moderate difficulties in maintaining concentration, persistence and pace. He discussed Plaintiff's mental health treatment history, noting that she had not been recently hospitalized for mental impairments and had been in remission for drug and alcohol abuse. The ALJ also considered Plaintiff's daily activities, finding that Plaintiff could drive, regularly attended church and cooked and cared for her family with help from others. He further noted that Plaintiff is able to manage personal care independently.

Incorporating Plaintiff's impairments into functional limitations, the ALJ concluded that Plaintiff was able to perform unskilled work that did not require close contact with the public and allowed her to sit or stand at one hour intervals. Thus, the hypothetical question posed to the VE accurately portrayed Plaintiff's physical and mental impairments. The VE determined that Plaintiff could perform work that existed in significant numbers in the regional and national economy. Therefore, the ALJ provided a thorough analysis and assessment of Plaintiff's impairments; he did not deny Plaintiff experiences pain, however he did not find her pain to be disabling.

Based on a thorough review of the administrative record, the parties' briefing and the report and recommendation, the Court finds that the ALJ's hypothetical question was based on substantial evidence and the ALJ's decision to deny benefits is supported by substantial evidence and the

Commissioner's finding that Plaintiff is not disabled should not be disturbed. Therefore, based on the foregoing reasons, the Court sustains the Commissioner's objection and REJECTS the Magistrate Judge's recommendation to remand this matter pursuant to sentence four of 42 U.S.C. § 405(g).

## III. CONCLUSION

Accordingly, the Commissioner's objection is SUSTAINED. Consistent with the analysis herein, the court hereby REJECTS Magistrate Judge Mona K. Majzoub's April 17, 2013 Report and Recommendation, GRANTS Defendant Commissioner's Motion for Summary Judgment [#9], DENIES Plaintiff Tracy Lutze's Motion for Summary Judgment [#8] and DISMISSES Plaintiff's Complaint with prejudice.

SO ORDERED.

Dated: May 29, 2013

/s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 29, 2013, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk